## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DEBORAH JESTER,             :

      Plaintiff,            :

      v.                    :       C.A. No. 14-1124-LPS

STATE OF DELAWARE DEPARTMENT : 
OF SAFETY and               :
JOSHUA BUSHWELLER,         :

      Defendants.          :

---

Michele D. Allen, Michele D. Allen LLC, Hockessin, Delaware

      Attorney for Plaintiff

Patricia Davis Oliva, Joseph C. Handlon, Deputy Attorneys General, Delaware Department of Justice, Wilmington, Delaware

      Attorneys for Defendant

## MEMORANDUM OPINION

September 29, 2015
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Deborah Jester ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 and

Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2) alleging employment

discrimination. Plaintiff filed her Original Complaint on September 3, 2014. (D.I. 1) ("Original

Complaint") On August 8, 2015, Plaintiff filed an Amended Complaint. (D.I. 8) ("Amended

Complaint")

Presently before the Court is Defendants' motion to dismiss the Amended Complaint.

(D.I. 9) Defendants seek to dismiss the Amended Complaint as untimely under Fed. R. Civ. P.

15(a) or, alternatively, for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

For the reasons that follow, the Court will grant in part, and deny in part, Defendants'

motion.

## II. BACKGROUND[1]

The Amended Complaint (like the Original Complaint) alleges that Plaintiff was

employed by the Division of State Police ("DSP"), an agency of Delaware's Department of

Safety and Homeland Security ("DDSHS"), and that Joshua Bushweller (along with DDSHS,

"Defendants") served as the Assistant Director of Human Resources for the DSP. (D.I. 8 ¶¶ 3-4,

7) According to the Amended Complaint, on April 5, 2011, Plaintiff was placed in the

DSP Weight Control Program ("WCP"). (*Id.* ¶ 23) Plaintiff alleges that the DSP WCP

requires officers to adhere to certain standards regarding body fat percentages and weight.

---

[1] This recitation is based, as it must be at this stage, on taking as true all well-pleaded
factual allegations in the Amended Complaint.

1

(*See id.* ¶¶ 12-14) Plaintiff further alleges she was unable to meet the standards required by the WCP. (*See id.* ¶¶ 25-45) Consequently, on May 18, 2013 Plaintiff was found to be in non-compliance with the WCP and on June 2, 2013 she was constructively discharged, i.e., she was "forced to submit her notice of retirement." (*Id.* ¶¶ 7, 47)

Plaintiff claims that her due process rights were violated when she was constructively terminated without an opportunity to challenge the basis for her termination. (*Id.* ¶¶ 54-61) Plaintiff further claims that the WCP has a disparate impact on female employees (*id.* ¶¶ 73-82) and that the WCP applies different standards to men and women officers (*id.* ¶¶ 86-96). Plaintiff is seeking compensatory damages, punitive damages, equitable relief, costs, and attorney's fees. (*Id.* at 16)

## III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## IV.  DISCUSSION

### A.  Timeliness

Defendants argue that Plaintiff's Amended Complaint should be dismissed for lack of timeliness. (D.I. 9 at 1-2)  The Court does not agree.

Fed. R. Civ. P. 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course" within 21 days after service of a responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court

should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, Defendants have not provided written consent. The Court, however, will grant leave to amend.

The Third Circuit has held that courts should apply a liberal policy when deciding whether to allow a party to amend its pleadings. *See Dole v. Arco Chemical Co.*, 921 F.2d 484, 468-87 (3d Cir. 1990); *Mallinckrodt Inc. v. E-Z-Em Inc.*, 671 F. Supp. 3d 563, 567-68 (D. Del. 2009). "This approach ensures that a particular claim will be decided on the merits rather than on technicalities." *Dole*, 921 F.2d at 487; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 1 and explaining that Rules should "be construed to secure the just, speedy, and inexpensive determination of every action"). In the absence of "undue delay, bad faith . . . undue prejudice . . . [or] futility of amendment," leave to amend should be granted. *Foman*, 371 U.S. at 182.

Although Plaintiff failed to meet the deadline specified in Rule 15(a)(1) for amendment as of right, Plaintiff has provided an adequate and persuasive explanation for the delay. Specifically, Plaintiff's original attorney was suspended from practice and his suspension caused considerable confusion and delay. (*See* D.I. 11 at p. 1)[2] Under the circumstances, the delay in filing the Amended Complaint (although lengthy) was not undue. There is no evidence of bad faith, nor of unfair prejudice. Indeed, Defendants argue there are no substantial differences between the Amended Complaint and the Original Complaint (D.I. 9 at 2), making it difficult to understand how Defendants could be unduly prejudiced.

---

[2]For a time, including as of the date of this Memorandum Opinion, Plaintiff's former counsel remains suspended in State Court, although he has been permitted to resume his practice in District Court.

Accordingly, the Court grants Plaintiff's leave to file the Amended Complaint and deems the Amended Complaint to be filed. The Court now turns to Defendants' contention that the Amended Complaint fails to state a claim on which relief may be granted.

## B.    Failure to State a Claim

Plaintiff's Amended Complaint alleges violations of 42 U.S.C. § 1983 and Title VII of the Civil Rights Act.[3]

### 1.    Section 1983

Count I of the Amended Complaint alleges that Defendant Bushweller failed to provide Plaintiff with due process as required by the United States and Delaware Constitutions. (D.I. 8 ¶¶ 53-71)[4] Specifically, Plaintiff alleges that Bushweller violated her due process rights by "[denying her] request to seek medical intervention by a divisional health care provider," refusing to provide a factual basis for her constructive termination, and failing to provide her with a pre-termination hearing before a neutral decision maker. (*Id.* ¶¶ 56-59) In response, Defendants argue that Plaintiff has failed to allege facts sufficient to show that she was constructively terminated, that she exhausted her administrative remedies, or that Bushweller's actions violated her due process rights, and they further argue that Bushweller is protected by qualified immunity. (D.I. 9)

---

[3]The Amended Complaint also contains a count alleging "Constructive Discharge." Defendants' motion does not appear to be directed to this count.

[4]The Due Process claim is brought solely against Defendant Bushweller.

The Court has concluded that Plaintiff has failed to allege facts sufficient to show that

Bushweller's actions violated her due process rights. Given this conclusion, the Court does not

address the remaining deficiencies Defendants contend they find in the due process claim.

In order to state a claim under § 1983, "a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

42, 48 (1988). At issue here is whether Bushweller violated Plaintiff's due process rights by

effectuating her constructive termination. *See Gilbert v. Homar*, 520 U.S. 924, 928-29 (1997)

(explaining that public employees have constitutionally protected interest in their tenure and

cannot be fired without due process); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564,

578 (1972); *Perry v. Sindermann*, 408 U.S. 593, 602-03 (1972).

In general, employee resignations are presumed to be voluntary. *See Leheny v. City of

Pittsburgh*, 183 F.3d 220, 227 (3d Cir. 1999). However, this presumption can be rebutted if the

employee "comes forward with sufficient evidence to establish that the resignation was

involuntarily extracted." *Hargray v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir. 1995). In

*Hill v. Borough of Kutztown*, the Third Circuit outlined the test courts should use to determine

whether a retirement is involuntary:

> a resignation will be deemed involuntary (i.e., deemed a
> constructive discharge) and will thus trigger the protections of the
> due process clause, and form the basis of a § 1983 due process
> claim, under only two circumstances: (1) when the employer forces
> the employee's resignation or retirement by coercion or duress, or
> (2) when the employer obtains the resignation or retirement by
> deceiving or misrepresenting a material fact to the employee.

6

455 F.3d 225, 233 (3d Cir. 2006). Nothing in the Amended Complaint suggests that Plaintiff

was deceived, so the relevant issue is whether her pleadings are sufficient to show that her

retirement was obtained by coercion or duress.

To determine whether a resignation was obtained through coercion or duress, courts

"examine the surrounding circumstances to test the ability of the employee to exercise free

choice." *Leheny*, 183 F.3d at 227 (3d Cir. 1999) (internal quotation marks omitted).

Specifically, courts consider five factors:

> (1) whether the employee was presented with an alternative to
> resignation; (2) whether the employee understood the nature of the
> choice he was given; (3) whether the employee had a reasonable
> time to choose; (4) whether the employee was permitted to select
> the effective date of resignation; and (5) whether the employee had
> the advice of counsel.

*O'Connell v. Cnty. of Northampton*, 79 F. Supp. 2d 529, 533 (E.D. Pa. 1999); *see also Hargray*,

57 F.3d at 1568 (listing same factors); *Caruso v. Superior Court of Delaware*, 2013 WL

1558023, at *8 (D. Del. April 2, 2013) (same).

Here, accepting the well-pleaded factual allegations as true, and construing those facts in

the light most favorable to Plaintiff, the Court finds that, while Plaintiff *may* have adequately

alleged a violation of her due process rights, she has not sufficiently alleged that Defendant

Bushweller was responsible for any such violation. In the First Amended Complaint, Plaintiff

alleges that "immediately following the ***Division's*** determination of non-compliance . . . [she]

was forced to submit her notice of retirement." (D.I. 8 ¶ 45) (emphasis added) Plaintiff further

alleges that she "***was informed*** that if she did not resign/retire that she would be terminated

through an "administrative separation." (D.I. 8 ¶ 48) (emphasis added) Plaintiff also "***was not***

***afforded*** an opportunity to challenge the termination and ***was not afforded*** time to make a

decision because she was told that if she did not retire she would be immediately terminated and she would loose her benefits." (*Id.* ¶ 49) (emphasis added)  None of these allegations refers to Defendant Bushweller.  Instead, the pleadings are silent with respect to *who* was responsible for the actions giving rise to the alleged due process violation.[5]

Accordingly, the Court will dismiss Plaintiff's due process claim against Bushweller.

## 2.   Title VII

Count II of the Amended Complaint alleges that DSP's Weight Control Program ("WCP") has a disparate impact on female employees, in violation of Title VII of the Civil Rights Act of 1964.  Title VII prohibits employment practices that "cause[] a disparate impact on the basis of race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(k).  In order to state a claim for disparate impact, a plaintiff must "plead that a facially neutral practice's adverse effects fall disproportionately on a [protected] group." *Powell v. Ridge*, 189 F.3d 387, 393-94 (3d Cir. 1999), *overruled on other grounds by Alexander v. Sandoval*, 532 U.S. 275 (2001).

The Amended Complaint fails to adequately allege a Title VII claim for disparate impact. Instead, the Amended Complaint consists entirely of conclusory statements, essentially repeating the elements of such a claim. *See Loscombe v. City of Scranton*, 902 F. Supp .2d 532, 538 (M.D. Pa. 2012) ("[M]ere conclusory statements will not do; a complaint must do more than allege the plaintiff's entitlement to relief.") (internal quotation marks omitted).  Plaintiff alleges that "[t]he

---

[5]Moreover, the pleadings that *do* refer to Bushweller do not implicate any of the five factors that are relevant to the determination of whether Plaintiff's retirement was voluntary. Plaintiff alleges that Bushweller denied her request to seek medical intervention by a divisional health care provider, refused to provide a factual basis for her constructive termination, and failed to provide her with a pre-termination hearing before a neutral decision maker. (*Id.* ¶¶ 56-59)

application of the DSP's WCP has a disparate impact on women," that the WCP "causes a disparity that is statistically significant," and that the WCP "is negatively affecting women more significantly than men." (D.I. 8 ¶¶ 73-76)  But the Amended Complaint does not provide a single fact, example, or detail to support these conclusory allegations.  An allegation of statistical significance suggests that some data is available and has been at least preliminarily analyzed – but no such facts are pled.  Nor does the Amended Complaint make any allegation about any other DSP employee, female or male, and how she or he has been affected by the WCP.  While a complaint need not allege "percentages, statistics, or data demonstrating the disproportionate effect" of the disputed practice, *McQueen v. City of Chicago*, 803 F. Supp. 2d 892, 906 (N.D. Ill. 2011); *see also Ridge*, 189 F.3d at 394; *United States v. Pennsylvania*, 2015 WL 2451756 at *6, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court concludes that Count II of the Amended Complaint fails to state a Title VII claim on which relief may be granted.

For similar reasons, the Court reaches the same conclusion with respect to Count III of the Amended Complaint, which alleges that the DSP WCP constitutes impermissible disparate treatment under Title VII.  In order to state a claim for disparate treatment, a plaintiff must show: "(1) she belongs to a protected class; (2) she suffered some form of adverse employment action; and (3) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination." *Barnett v. New Jersey Transit Corp.*, 573 Fed. Appx. 239, 243 (3d Cir. 2014).  While Plaintiff adequately alleges that she belongs to a protected class and that she experienced an adverse employment action (D.I. 8 ¶ 45), she has not alleged any specific

facts that give rise to an inference of unlawful discrimination. Here, again, she merely states in conclusory fashion that the WCP "systemically discriminates against women DSP officers" (*id.* at ¶ 86) and that "[d]ifferent standards for male and female officers are used to measure and evaluate compliance in the DSP WCP" (*id.* ¶ 89).

Accordingly, the Court will dismiss Plaintiffs' Title VII claims.

## V. CONCLUSION

For the reasons provided above, the Court will grant Defendants' motion to dismiss with respect to Counts I, II, and III of Plaintiff's Amended Complaint. However, with respect to the Title VII claims, the Court will provide Plaintiff another opportunity to amend her complaint, as her claims may not be futile and a further amendment, under the circumstances, would not unduly prejudice Defendants. An appropriate Order will be entered.