IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH JESTER, | : |
|     Plaintiff, | : |
| v. | :    C.A. No. 14-1124-LPS |
| STATE OF DELAWARE DEPARTMENT OF SAFETY and JOSHUA BUSHWELLER, | : |
|     Defendants. | : |

Michele D. Allen, Michele D. Allen LLC, Hockessin, Delaware

    Attorney for Plaintiff

Patricia Davis Oliva, Joseph C. Handlon, Deputy Attorneys General, Delaware Department of Justice, Wilmington, Delaware

    Attorneys for Defendant

**MEMORANDUM OPINION**

August 26, 2016
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Deborah Jester ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2) alleging employment discrimination. Plaintiff filed her Original Complaint on September 3, 2014. (D.I. 1) ("Original Complaint") On August 8, 2015, Plaintiff filed an Amended Complaint. (D.I. 8) ("Amended Complaint") On September 29, 2015, the Court granted a motion to dismiss (D.I. 9) the Amended Complaint for failure to state a claim (D.I. 14).

Presently before the Court is Plaintiff's motion for reconsideration of the Court's order dismissing the Complaint. (D.I. 16) The motion is fully briefed. (*See* D.I. 16, 18, 20)[1] For the reasons that follow, the Court will deny Plaintiff's motion.

## II. BACKGROUND

Plaintiff's Amended Complaint alleges that Plaintiff was employed by the Division of State Police ("DSP"), an agency of Delaware's Department of Safety and Homeland Security ("DDSHS"), and that Joshua Bushweller (along with DDSHS, "Defendants") served as the Assistant Director of Human Resources for the DSP. (D.I. 8 ¶¶ 3-4, 7) According to the Amended Complaint, Plaintiff was placed in the DSP Weight Control Program ("WCP")

---

[1] Generally, the Court does not permit replies in support of a motion for reargument. *See* D. Del. LR 7.1.5(a) ("The Court will determine from the motion and answer whether reargument will be granted."); *see also Alabi-Shonde v. Patterson*, 2014 WL 4954314, at *1 n.1 (D. Del. Sept. 30, 2014). Here, Plaintiff nonetheless filed a reply (*see* D.I. 20) to which there has been no request to strike. The Court has considered the reply, for reasons including that it drops one of the bases for which Plaintiff was initially seeking reconsideration, as explained below.

1

on April 5, 2011 (*id.* ¶ 23), was found to be in non-compliance with the WCP on May 18, 2013 (*id.* ¶ 7), and was constructively discharged on June 2, 2013 (*id.* ¶ 47).

Plaintiff filed suit under 42 U.S.C. § 1983, alleging that Bushweller failed to provide her with due process by "[denying her] request to seek medical intervention by a divisional health care provider," refusing to provide a factual basis for her constructive termination, and failing to provide her with a pre-termination hearing before a neutral decision maker. (*Id.* ¶¶ 56-59) The Court found that the Complaint failed to state a claim against Bushweller. The Court reasoned that "while Plaintiff *may* have adequately alleged a violation of her due process rights, she [did] not sufficiently allege[] that Defendant Bushweller was responsible for any such violation." (D.I. 13 at 7)

### III. LEGAL STANDARDS

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). "Motions for reargument or reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *Ciena Corp. v. Corvis Corp.*, 352 F. Supp. 2d 526, 527 (D. Del. 2005). "Litigants who fail in their first attempt to persuade a court to adopt [their] position may not use a motion for reconsideration either to attempt a new approach or correct mistakes . . . made in [their] previous one . . . [or] to argue new facts or issues that

inexcusably were not presented to the court in the matter previously decided." *In re W.R. Grace & Co.*, 398 B.R. 368, 371-72 (D. Del. 2008) (internal quotation marks omitted). A motion for reconsideration is not intended to present a litigant with a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

IV. **DISCUSSION**

Plaintiff argues that the Court should reconsider its previous order because "the Court has misunderstood the allegations set forth in [the Amended Complaint]" and because the Court's decision "relates to adversarial issues that were not presented." (D.I. 16 at 2, 8) In her reply brief, Plaintiff withdrew the latter argument. (*See* D.I. 20 at 5 n.1) The Court disagrees with the former argument.

Plaintiff has not persuaded the Court that it misunderstood the allegations set forth in the Amended Complaint. In explaining why the Amended Complaint did not adequately associate Bushweller with any potential civil rights violations, the Court conducted a detailed examination of the allegations and found that the Amended Complaint described the problematic actions in the passive voice, without any indication of who was responsible for Plaintiff's involuntary termination. (*See* D.I. 13 at 7-8) In her motion to reconsider, Plaintiff does not identify any allegations that the Court failed to consider, nor does Plaintiff explain how the allegations support a plausible inference that Bushweller was responsible for Plaintiff's involuntary termination. Instead, Plaintiff's motion for reconsideration simply quotes portions of the Amended Complaint and then concludes, without justification, that the pleadings were sufficient. (*See* D.I. 16 at 5 ("[I]t can be reasonably inferred that the person responsible for denying Plaintiff

her due process was Defendant Bushweller.")) Because Plaintiff did not identify a "clear error of law or fact," reconsideration is not warranted.

Plaintiff's alternative request, to yet again amend her complaint (*see* D.I. 16 at 8), is also denied. Given the Court's reasoning, an amendment would be futile.

## V. CONCLUSION

For the reasons provided above, the Court will deny Plaintiff's motion for reconsideration.